**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT BEED,                                          No. C 06-3223 MHP (pr)

       Plaintiff,                                   **ORDER OF DISMISSAL**

       v.

C/O V. CHILDERS,

       Defendants.

_____/

     Robert Beed, an inmate at the Correctional Training Facility - Soledad, filed this pro se civil rights action under 42 U.S.C. § 1983, in which he complained that a correctional officer was "racist profiling" him and had subjected him to two cell searches and other unidentified retaliatory conduct.  Complaint, p. 3.  His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

     A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

     There is an exhaustion problem in this action.  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action,

1    condition or policy perceived by those individuals as adversely affecting their welfare." <u>See</u>

2    Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies

3    within this system, a prisoner must proceed through several levels of appeal: (1) informal

4    resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level

5    appeal to the institution head or designee, and (4) third level appeal to the Director of the

6    California Department of Corrections.  <u>See</u> <u>id.</u> § 3084.5; <u>Ngo v. Woodford</u>, 126 S. Ct. 2378,

7    2383 (2006); <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  Nonexhaustion

8    under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the

9    court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to

10   exhaustion applies."  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

11          The materials submitted by Beed plainly show he has not exhausted administrative

12   remedies.  On the form complaint, Beed checked the box that indicated that he had pursued

13   his inmate appeal to "the highest level of appeal available" to him and directed the reader to

14   "please see attach [sic] to back of this form." Complaint, p.2.  The attachments to the

15   complaint plainly show that Beed did not pursue his inmate appeal to the highest level before

16   filing this action.  He pursued his inmate appeal to only the first formal level of review.  In

17   the first level response, the reviewer partially granted the appeal in that he investigated

18   Beed's allegation but denied the substantive request that officers leave Beed alone.  The

19   inmate appeal form is left blank in the portions of it designated for the inmate to indicate his

20   dissatisfaction with the responses to first and second level appeal responses and in the

21   portions for the second level response and the third level response.  Beed's efforts did not

22   satisfy the requirement that he exhaust administrative remedies before filing this action.  For

23   the foregoing reasons, this action therefore is DISMISSED without prejudice to plaintiff

24   filing a new action after he exhausts his administrative remedies.

25          IT IS SO ORDERED.

26   Dated:  September 8, 2006

27                                               _____
                                                 Marilyn Hall Patel
                                                 United States District Judge

28

United States District Court

For the Northern District of California

2